IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TALIYAH CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:23-cv-15-TFM-N |
| | ) | |
| HEATH JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TALIYAH CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:23-cv-167-TFM-N |
| | ) | |
| KRISTY GODWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TALIYAH CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:23-cv-236-TFM-N |
| | ) | |
| HEATH JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion for Leave to Amend and Consolidate* and related *Motion to Consolidate* that were filed in each of the following three actions that are before the Court:

(1) *Carter v. Jackson*, Docs. 31, 35, Civ. Act. No. 1:23-cv-15-TFM-N (S.D. Ala. Sept. 9,

2024) ("Case 1");

(2) *Carter v. Godwin*, Docs. 36, 40, Civ. Act. No. 1:23-cv-167-TFM-N (S.D. Ala. Sept. 9, 2024) ("Case 2"); and

(3) *Carter v. Jackson*, Docs. 31, 35, Civ. Act. No. 1:23-cv-236-TFM-N (S.D. Ala. Sept. 9, 2024) ("Case 3").

Having considered the issue of consolidation, briefing in support, responses in opposition by some defendants, the lack of opposition by other defendants, the arguments of counsel that were presented at the omnibus in-person motion hearing,[1] and relevant law, the motions for leave to amend and consolidate (Case 1, Doc. 31; Case 2, Doc. 36; Case 3, Doc. 31) and the related motions to consolidate (Case 1, Doc. 35; Case 2, Doc. 40; Case 3, Doc. 35) are both **GRANTED**.

## I.   BACKGROUND

Plaintiff filed Case 1 on January 11, 2023, in which she brings claims against Defendants Heath Jackson ("Jackson") and Richard Hetrick ("Hetrick") for violations of the Eighth and Fourteenth Amendments. Case 1, Doc. 1. Plaintiff filed Case 2 on May 8, 2023, in which she brings claims against Defendants Southern Health Partners ("SHP"), Kristy Godwin ("Godwin"), and Elizabeth Lowe ("Lowe") (collectively, "the Medical Defendants") for violations of the Eighth Amendment and "refusing [ ] medical treatment." Case 2, Doc. 1. Plaintiff filed Case 3 on June 23, 2023, in which she brings claims against Defendants Jackson, Hetrick, Melissa Floyd ("Floyd"), James Ward ("Ward") (collectively, "the Corrections Defendants"), and the Escambia County Detention Center ("ECDC") of cruel and unusual punishment, excessive force, and "inhumane and uninhabitable living conditions." Case 3, Doc. 1. The assigned Magistrate Judge

---

[1] Because the Defendants in Case 2 indicated they did not take a position on consolidation, they requested to attend telephonically, which the Court approved. *See* Case 2, Docs. 44, 45.

recommended Defendant ECDC be dismissed without prejudice from Case 3 since it was not a proper defendant in an action that is brought pursuant to 42 U.S.C. § 1983, which was adopted by the undersigned. Case 3, Docs. 12, 13.

In the motions for leave to amend and consolidate, Plaintiff seeks leave to amend her complaint to essentially merge the three cases into one single case. Plaintiff's proposed amended complaint combines the narratives from her three separate complaints and details her treatment and living conditions during her pretrial detention at the ECDC. *See* Case 1, Doc. 31-1; Case 2, Doc. 36-1; Case 3, Doc. 31-1.

The Court ordered Plaintiff to file a formal motion to consolidate and entered an omnibus briefing schedule for the issue of consolidation. *See* Case 1, Doc. 32; Case 2, Doc. 37; Case 3, Doc. 32.

Plaintiff then filed a motion to consolidate in each of her pending cases. *See* Case 1, Doc. 35; Case 2, Doc. 40; Case 3, Doc. 35. In Case 1, the parties filed their respective briefing about consolidation. *See* Case 1, Docs. 35, 36, 37. Defendants Jackson and Hetrick oppose the request to consolidate in the cases in which they are named defendants. *See* Case 1, Doc. 36; Case 3, Doc. 36. In Case 2, while Plaintiff filed the motion to consolidate (Doc. 40), no response was filed by any defendant, which the Court interpreted to mean the motion to consolidate is unopposed by the Medical Defendants. This was specifically confirmed when the Medical Defendants filed a request for excusal from the upcoming hearing and indicated they would not take a formal position on the motion. *See* Case 2, Doc. 44 at 2. In Case 3, the parties filed their respective briefing about consolidation. *See* Case 3, Docs. 35, 36, 37. The Corrections Defendants oppose the request to consolidate. *See* Case 3, Doc. 36.

The Court set an omnibus in-person hearing on the issue of consolidation that was held on

November 15, 2024.  *See* Doc. 39.  Plaintiff's counsel and counsel for the Corrections Defendants attended the hearing in person.  Counsel for the Medical Defendants attended the hearing via telephone but did not participate in oral argument as per their prior statement of taking no formal position in support or opposition of Plaintiff's motion.

The motions for leave to amend and consolidate and motions to consolidate are ripe for review.

## II.   STANDARD OF REVIEW

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)).  However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary.  *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary.").  In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.  *Id*.  Finally, the Court may decide to consolidate for pretrial, trial,

or both.

### III.  DISCUSSION AND ANALYSIS

Plaintiff argues her cases present common questions of law and fact.  *See* Case 1, Doc. 32; Case 2, Doc. 37; Case 3, Doc. 32.  Plaintiff argues her treatment and living conditions that were provided to her while in the ECDC, about which she complains in each of the actions at issue, were motivated by her membership in a protected class.  *See* Case 1, Doc. 32; Case 2, Doc. 37; Case 3, Doc. 32.  Plaintiff argues, while Case 2 involves the medical care provider and its employees at the ECDC, Defendants Jackson and Hetrick, who are named as defendants in Cases 1 and 2, were responsible for the policies and management of the ECDC.  *Id.*

In response, the Corrections Defendants, while admitting actions by Defendants Jackson and Hetrick are described in each of the cases at issue, argue the facts that are alleged in each of the cases describe discrete and separate incidents and the allegations of their alleged involvement in some of the cases is tenuous.  Case 1, Doc. 36; Case 3, Doc. 36.  As to Case 2, in which neither Defendants Jackson nor Hetrick are a named party, the Corrections Defendants argue Defendants Jackson and Hetrick had "no role in the administration of medical treatment or medication at the ECDC," and the issue with Plaintiff's medications was the result of a pharmacy clerical error.  Case 1, Doc. 36 at 5-6; Case 3, Doc. 36 at 5-6.  The Corrections Defendants' argument is supported by the special report that was filed in Case 2 as well as affidavits that were attached to the responses to the instant motions.  *Id.*  The Corrections Defendants argue, to consolidate these three matters would confuse a jury, would not benefit the parties, and would likely prejudice the defendants.  Case 1, Doc. 36 at 8-13; Case 3, Doc. 36 at 8-13.

The Court, first, notes the Correction Defendants' argument and evidence as to Defendants Jackson and Hetrick's involvement in Case 2 would be more appropriately raised in a dispositive

motion, and the Court declines to address such when the matter is before the Court to address whether to consolidate actions.

Next, the Court finds Plaintiff's actions allege a continuing narrative of her treatment and living conditions that she experienced during her pretrial detention at the ECDC and involve similar parties as well as common questions of law and fact. As the basis of Plaintiff's alleged treatment while at the ECDC, she alleges it was because she was a member of a protected class as a transgender woman. Because of the similarities between these actions, if they were consolidated, the risk of prejudice and possible confusion to the parties would be minimal, the burden on the parties and witnesses in each matter would be minimal, judicial resources would be more efficiently spent, the length of time to conclude the matters as one suit would be less than if these matters continued as separate suits, and the expenses to the parties would be reduced. If these matters were not consolidated, the risk of inconsistent adjudication of common factual and legal issues would be great.

Put simply, the Court finds that the factors for consolidation all favor Plaintiff. Most of the Corrections Defendants' arguments are issues that can be raised by dispositive motion or are simply a cost of litigation (regardless of consolidation). Accordingly, the Court finds these matters should be consolidated for the purposes of pretrial matters and trial.[2]

### IV.   CONCLUSION

Based on the foregoing, Plaintiff's motions for leave to amend and consolidate (Case 1, Doc. 31; Case 2, Doc. 36; Case 3, Doc. 31) are **GRANTED**, and the related motions to consolidate (Case 1, Doc. 35; Case 2, Doc. 40; Case 3, Doc. 35) are **GRANTED**, and the three actions

---

[2] To the extent appropriate, defendants may raise any arguments as to the severance of these matters for purposes of trial **after** the Court rules on any dispositive motions.

identified in this order are **CONSOLIDATED** for purposes of pretrial matters and trial.

The cases are consolidated with the first filed case (1:23-cv-15-TFM-N) being designated the lead case with all future filings to be done in the lead case. Additionally, the parties are also **DIRECTED** to use the consolidated header that is used in this order.

Plaintiff is **ORDERED** to separately file by **December 6, 2024**, her amended complaint (Doc. 31-1) which shall become the operative complaint.

**DONE** and **ORDERED** this the 22nd day of November 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE