**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TALIYAH CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:23-cv-15-TFM-N** |
| | ) | |
| **HEATH JACKSON, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **TALIYAH CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:23-cv-167-TFM-N** |
| | ) | |
| **KRISTY GODWIN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **TALIYAH CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:23-cv-236-TFM-N** |
| | ) | |
| **HEATH JACKSON, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The Court noted the recently filed *Status Report* relating to Alternative Dispute Resolution and Mediation filed by the Defendants in which they stated that despite their best efforts to proceed with the case, Plaintiff had not issued any discovery requests, nor had she responded to the Defendants' discovery requests. *See* Doc. 70. Plaintiff also did not respond to the Defendants'

request to sit for a deposition. This had occurred when Plaintiff was still represented by former counsel. On August 8, 2025, counsel for Plaintiff filed a motion to withdraw and requested an extension of discovery deadlines. *See* Docs. 66, 67. The motion to withdraw also indicated that Plaintiff intended to obtain a new attorney instead of remaining with the current firm. *See* Doc. 67. As such, the Court granted the motion to withdraw. *See* Doc. 68. On September 30, 2025, the Court entered its short form order on the pending motions to dismiss which was mailed directly to the Plaintiff at her previously provided address. *See* Doc. 69. That document was not returned. On October 1, 2025, the Magistrate Judge entered an order denying the motion to extend discovery with leave to refile noting that no attorney had entered an appearance on Plaintiff's behalf but also gave her leave to refile should the circumstances change. *See* Doc. 71. That particular order was returned to the Court as undeliverable by the postal service as was the later detailed opinion on the motions to dismiss. *See* Docs. 76, 77.

On October 2, 2025, the Court dropped an order instructing Plaintiff to file a response indicating whether she intended to proceed with this litigation, and if so, whether she will proceed *pro se* or with counsel. *See* Doc. 72. In that order, the Court noted the lack of participation by the Plaintiff and that no counsel had filed a notice of appearance on her behalf. The Court ordered Plaintiff to file a response indicating whether she intends to proceed with this litigation and if so, whether she will proceed *pro se* or with counsel. The order further noted that "[t]he Court cannot and will not indefinitely suspend deadlines waiting for that issue to be resolved. Plaintiff shall file her response to this order on or before **October 17, 2025**." *Id*. (emphasis in original). Finally the Court warned as follows: "The plaintiff is specifically cautioned that if she fails file a response as required by this order, the Court may treat it as a failure to obey the orders of the court and/or an abandonment of the claims set forth in the complaint(s) and as a failure to prosecute this action

and this case may be dismissed pursuant to Fed. R. Civ. P. 41(b) and/or the Court's inherent authority.  *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)."

Finally, out of an abundance of caution due to the dispositive motions deadline established by the scheduling order, Defendants filed their own motion to dismiss for failure to prosecute on October 14, 2025.  *See* Doc. 74.  The certificate of service shows that it was sent directly to the Plaintiff by U.S. Mail.  *Id*.  This was in addition to the Court's previous order issued *sua sponte*.

Despite that warning from the Court, the deadline has passed with no further communication from the Plaintiff.  Moreover, several documents have been mailed to the Plaintiff, but only two returned as of the date of this opinion.   Put simply, Plaintiff has not complied with discovery requirements, has not informed the Court of her intention to proceed with this consolidated lawsuit, and has made no efforts to further pursue this case.  Finally, the local rules require that any person proceeding *pro se* must keep the Clerk informed of their address and any change of address.  *See* S.D. Ala. GenLR 83.5(b).  Plaintiff clearly has failed to keep the Clerk and Court apprised of an appropriate mailing address.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th

Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Plaintiff has been given sufficient opportunity to pursue the consolidated actions and despite a specific warning that the failure to respond could result in the dismissal of this case, she still did not respond.  Therefore, it is clear that dismissal is appropriate.  The Court now turns to whether the dismissal should be with or without prejudice.

Rule 41(b) provides that, if a "plaintiff fails to prosecute or to comply" with procedural rules "or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The Defendants here have clearly done so and requested a dismissal with prejudice.  *See* Doc. 74 (as supplemented by Doc. 78).

Dismissal with prejudice under Rule 41(b) "is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  Further, it "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  *Betty K. Agencies, Ltd.*, 432 F.3d at 1338-39.  Mere negligence or confusion is not enough to make a finding of delay or willful misconduct.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)).  Additionally, a dismissal without prejudice that "effectively precludes the plaintiff from refiling [her] claim because of the running of the statute of limitations . . . is tantamount to a dismissal with prejudice."

*Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir.1993).

The Court notes that in Alabama a two-year limitations period applies to claims brought under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). *See, e.g., Flood v. City of Jacksonville*, 263 F. Supp.3d 1213, 1218 (N.D. Ala. 2017) (discussing statute of limitations in ADA, RA, and § 1983). Moreover, the "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted); *see also Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). Therefore, Plaintiff's claims would be precluded even by a dismissal without prejudice given that the events occurred in 2021 through early 2023.

In reviewing the record of this case, Plaintiff failed to cooperate in the discovery process – both in seeking or answering discovery. This occurred both before and after her counsel withdrew. In the motion to withdraw filed on August 8, 2025, Plaintiff's former counsel indicated that Plaintiff "elected [to] employ the services of a new attorney who is expected to enter [a] notice of appearance imminently." *See* Doc. 67. Despite that statement, no such notice of appearance was filed, nor did Plaintiff participate in the filing joint statement on settlement/ADR.

To be fair, Defendants did not bring the lack of participation in discovery to the Court's attention in a prompt manner. The first the Court heard of an issue with discovery was in the October 1, 2025 Status Report. At no point prior to the deadline expiring did Defendants indicate that no discovery had transpired despite their varying attempts. Moreover, when Plaintiff's counsel sought to withdraw, he concurrently filed a motion to extend the time to complete discovery (Doc. 66) in which counsel stated (1) he conferred with defense counsel for the now-dismissed

defendants who consented to additional time for completion of discovery while (2) he had attempted to reach the other defense counsel who represents the jail defendants but had been unable to make contact. The jail defendants' counsel is the same one who filed the recent status report and motion to dismiss but did not file an opposition to the motion to extend the discovery deadlines or otherwise indicate any problems or concerns when the motion was filed in early August. At no point did Defendants file a motion to compel or other discovery motion to indicate such problems.

While the Court certainly does not condone the "surprise" that Defendant now seemingly seeks to take advantage of – especially for a dismissal with prejudice – the reality is that this is Plaintiff's lawsuit. She brought the lawsuits and had an ongoing obligation to participate and meet deadlines as required under the consolidated scheduling order – with or without counsel. She failed to do so. Then when instructed to inform the Court by October 17, 2025 about her intentions with this lawsuit, Plaintiff failed to respond. There is no ability to proceed with a lawsuit when the person who brought the lawsuit fails to participate in the discovery process or otherwise communicate with the Court. While normally the Court would proceed with a dismissal without prejudice in such a situation, in this case it would be tantamount to a dismissal with prejudice since the statute of limitations would bar the case being brought again.

The Court finds that on this record that Plaintiff has demonstrated a clear record of delay and willful conduct in her failure to respond to the discovery requests and again in her failure to respond to the Court's order. Moreover, there is no lesser sanction that would sufficiently correct such conduct because this case has moved beyond the discovery deadline and the case as a whole has been pending for close to 3 years

The Court is left with little recourse but to **GRANT** the Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 74 as supplemented by Doc. 78) and **DISMISSES with prejudice** the

remaining claims in this consolidated case for failure to prosecute and obey the Court's orders.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 3rd day of November, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE